| | |
|---|---|
| **JOHN F. MCDEVITT, JR., ESQUIRE**<br>Identification No.: 18695<br>jmcdevitt@clinton-clinton.com<br>CLINTON & CLINTON<br>1315 Walnut Street<br>Suite 601<br>Philadelphia, Pennsylvania 19107<br>(267) 800-1897 | **JURY OF TWELVE DEMANDED**<br><br>Attorney for Plaintiff,<br>XL Insurance America, Inc. |

### IN THE UNITED STATE DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XL INSURANCE AMERICA, INC.<br>　　　　　　　　Plaintiff<br>　　　v.<br><br>GREAT NORTHERN INSURANCE<br>COMPANY<br>　　　　　　　　Defendants | Case No.: 14-1668 |

### AMENDED COMPLAINT

XL Insurance America, Inc., by and through its attorneys, Clinton & Clinton, request that jthe court grant the following relief in its favor and against Defendant, Great Northern Insurance Company, based upon the following:

1. At all times relevant hereto, Plaintiff, XL Insurance America, Inc. (hereinafter "XL"), was and is an insurance company organized and existing under the laws of the State of Delaware and which maintains its principal place of business in Stamford, Connecticut.

2. At all times relevant hereto, XL was and is authorized to transact business in the Commonwealth of Pennsylvania and maintains business offices within the Commonwealth of Pennsylvania at 505 Eagleview Blvd., Suite 100, Exton, Pennsylvania.

3. Defendant, Great Northern Insurance Company (hereinafter "Great Northern"), is an insurance company organized and existing under the laws of the State of Indiana. Based upon information and belief, Great Northern maintains its principal place of business in Warren, New Jersey.

4. At all times material hereto, Great Northern is and was a subsidiary of the Chubb Group of Insurance Companies and is and was authorized to transact business within the Commonwealth of Pennsylvania. Based upon information and belief, Great Northern maintains business offices within the Commonwealth of Pennsylvania at 4 Penn Center Plaza, 1600 Market Street, Philadelphia, Pennsylvania.

### A. RELEVANT INSURANCE POLICIES

5. Defendant, Great Northern, issued a Policy of Insurance titled "Pennsylvania Masterpiece Policy" to Stephen S. and Mary Anne Phillips (hereinafter "The Great Northern Policy"). The Great Northern Policy is identified by Policy No. 11778495-01 with effective dates of August 2, 2008 to August 2, 2009 and was issued to the named insureds at their residence at 976 Derring Lane, Bryn Mawr, Pennsylvania. A true and complete copy of the Great Northern Policy is appended as Exhibit "A".

6. The Great Northern Policy affords property coverage to the named insureds' residential properties and valuable articles, and personal and excess liability coverage to the named insureds.

7. The Excess Liability Coverage Part of the Great Northern Policy affords coverage to three vehicles owned by the named insureds and identified in the Premium Renewal Summary Section. The limit of liability set forth in the Great Northern Policy that is applicable to the three residential properties and three automobiles owned by the named insureds and specifically identified in the Policy is $5,000,000. (Exh. "A", Coverage Update Section).

8. The Excess Liability Coverage Part of the Great Northern Policy provides coverage for a covered person's use of a motorized land vehicle owned or controlled directly or indirectly by a covered person if at least one motorized land vehicle is shown in the coverage summary for excess liability coverage. (Exh. "A", p. W-8).

9. The Excess Liability Coverage Part of the Great Northern Policy also covers damages arising out of... "your ownership, maintenance or use of a private passenger motor vehicle in business activities other than selling, repairing, servicing, storing, parking, testing or delivering motorized land vehicles". ( Exh. "A", p. W-10).

10. The Excess Liability Coverage Section of the Great Northern Policy affords coverage for damages a covered person is legally obligated to pay for personal injury or property damage caused by an occurrence... in excess of damages covered by the underlying insurance, or...from the first dollar of coverage where underlying insurance is required under the policy and no underlying exists or...from the first dollar of coverage where underlying insurance is required under the policy but no coverage is provided by the underlying insurance for a particular occurrence. (Exh. "A" Excess Liability Coverage P. W-2).

11. Based on information and belief, Great Northern, or another Chubb affiliated company, issued a policy to Stephen S. and Mary Anne Phillips that afforded primary automobile liability coverage to those named insureds with per occurrence limits of either $500,000 or $1,000,000.

12. The Excess Liability Coverage Section of the Great Northern Policy defines a "covered person" to mean:

- You or a family member;

- Any person using a vehicle or a watercraft covered under this part of your Masterpiece Policy with permission from you or a family member with respect to the legal responsibility arising out of its use;

- Any person or organization with respect to their legal responsibility for covered acts or omissions of you or a family member; or,

- Any combination of the above. (Exh. "A", p. W-3)

13. The XL Commercial Umbrella Liability Policy (hereinafter "The XL Umbrella Policy") is identified by Policy No. US00010367L107A with effective dates of July 1, 2007 to July 1, 2010. The said policy was issued to the named insureds, Franke Holdings and Franke Kindred Canada, Ltd. (hereinafter referred to collectively as "Franke") at Franke's business address in Hatfield, Pennsylvania. A true and complete copy of the XL Umbrella Policy is attached as Exh. "B".

14. The X Commercial Umbrella Policy provides excess coverage with limits of $4,000,000 per occurrence subject to a self-insured retention of $10,000 per occurrence. The said Policy provides for payment on behalf of the "insured" of those sums in excess of the "retained limit" that the "insured" becomes legally obligated to pay as damages because of "bodily injury", "property damage", or "personal and advertising injury" to which the insurance applies. (Exh. "B", p. 1).

15. The XL Commercial Umbrella Policy provides in SECTION III.B – LIMITS OF INSURANCE:

> "Subject to the Limits of Insurance of this Policy, we will pay only that amount of "Loss" that is in excess of the "Retained Limit".
> (Exh. "B", p. 3).

16. The XL Commercial Umbrella Policy recites in SECTION V. CONDITIONS:

> "This insurance is excess over and shall not contribute with any of the "other insurance" whether primary, excess, contingent, or in any other basis. This condition will not apply to insurance specifically written as excess to this Policy."
> (See Exh. "B", p. 19).

### B. THE THOMPSON LAWSUIT

17. In January of 2012, XL, Great Northern and Sentry Insurance Company contributed various sums in settlement of a personal injury lawsuit instituted by Laura and Rick Thompson against Franke Food Systems, Inc., Hans Ott and Stephen S. Phillips in the Circuit Court of Moore County, Tennessee (hereinafter "the Thompson Lawsuit").

18. The Thompson Lawsuit had been brought to recover for injuries sustained by Laura Thompson as a result of a motor vehicle accident between an automobile she was driving and an automobile operated by Stephen Phillips on November 19, 2008. A true and correct copy of the Complaint filed by Laura and Rick Thompson against Franke, Hans Ott and Stephen S. Phillips is attached as Exhibit "C".

19. On the accident date, Stephen Phillips was a member of Franke's Board of Directors and was operating a rental vehicle en route to a scheduled meeting of the Board of Directors. Hans Ott, the President of Franke Food Systems, was also operating a Franke owned automobile en route to the Board meeting and his vehicle was directly in front of the rental vehicle operated by Phillips.

20. The Thompson Complaint alleges that Ott and Phillips negligently operated their respective automobiles and caused the motor vehicle accident. The Complaint in that lawsuit further alleges claims of vicarious liability against Franke for the negligent conduct of both individual Defendants. (See Exh. "C").

21. The Thompson lawsuit was settled on the eve of trial for the total sum of $4,800,000. XL contributed the sum of $1,400,000 toward the settlement.. A true and correct copy of the Release and Settlement Agreement to resolve the Thompson Lawsuit is attached as Exh. "D".

22. Based upon information and belief, Great Northern contributed either the sum of $1,400,000 or $1,900,000 under the Great Northern Masterpiece Policy to extinguish the claims against Stephen Phillips. However, Great Northern declined to pay any amounts under its Policy to settle the vicarious liability claims against Franke.

23. Based upon information and belief, Great Northern or another Chubb affiliated company contributed either $500,000 or $1,000,000 under a primary automobile policy issued to Stephen and Mary Anne Phillips to extinguish the claims against Stephen Phillips that were covered under that policy.

24. The Great Northern Policy's Excess Liability Coverage Section defines a "covered person" to include. . . "any person or organization with respect to their legal responsibility for covered acts or omissions of you or a family member.

25. Franke qualifies as a "covered person" under the Great Northern Policy and is afforded coverage under that Policy for the vicarious liability claims asserted in the Thompson lawsuit.

26. The coverage afforded to Franke and Phillips under the Great Northern Policy is primary to the coverage afforded to Franke under the XL Commercial Umbrella Policy for the claims asserted in the Thompson lawsuit.

27. As the coverage afforded under the Great Northern Policy is primary to the coverage afforded under the XL Commercial Umbrella Policy, Great Northern was responsible to pay any settlement amounts to extinguish the liability claims brought against Phillips and/or Franke up to its limits of coverage of $5,000,000 before XL paid any amounts toward the settlement of any claims against its insured(s).

28. XL had no obligation under its Commercial Umbrella Policy to pay any amounts toward the settlement of the claims asserted in the Underlying Action against its insured(s) until the limits of

any underlying policies, including the Great Northern Policy, were exhausted by payment of settlements or judgments.

29. By reason of Great Northern's refusal to pay any additional amounts under its policy to resolve the liability claims asserted against Phillips and Franke in the Thompson lawsuit, XL was compelled to contribute $1,400,000 to resolve the claims asserted against its insured(s) on the best possible terms and to avoid the prospect of a sizeable judgment against Franke.

30. At the mediated settlement, all insurers reserved rights to pursue claims against each other for indemnity or contribution.

## COUNT I

## REQUEST FOR DECLARATORY RELIEF

31. All averments set forth in preceding paragraphs 1 through 31 inclusive of this Amended Complaint are incorporated by reference herein and made a part hereof.

32. For the reasons set forth above, Franke qualifies as a "covered person" under the Great Northern Policy and is afforded coverage under that Policy for the vicarious liability claims asserted in the Thompson lawsuit.

33. For the reasons set forth above, Great Northern had an obligation to indemnify Stephen Phillips and/or Franke under the Great Northern Policy.

34. The coverage afforded to Franke under the Great Northern Policy is primary to the coverage afforded to Franke under the XL Commercial Umbrella Policy for the claims asserted against their respective insured(s) in the Thompson lawsuit.

35. As the Great Northern Policy is primary to the XL Commercial Umbrella Policy, XL is not liable for, and does not owe any indemnity or contribution for, any payment made by Great Northern toward the settlement of the underlying action.

36. XL is entitled to an Order declaring that the Great Northern Policy affords coverage to Phillips and/or Franke for the liability claims asserted against Phillips and/or Franke in the Thompson Lawsuit and that the Great Northern Policy is primary to the XL Umbrella Policy for the liability claims asserted against their respective insured(s) in the Thompson lawsuit.

**WHEREFORE,** Plaintiff, XL Insurance America, Inc., demands judgment in its favor and against Defendant, Great Northern Insurance Company, for (1) a declaration that the Great Northern Policy affords indemnification coverage to Stephen Phillips and/or Franke for the liability claims brought against them, or either of them, in the Thompson lawsuit; (2) that the Great Northern Policy is primary to the XL Umbrella Policy for any and all amounts owed and paid toward the settlement of the liability claims brought against their respective insured(s) in the Thompson lawsuit; (3) that Great Northern is obligated to indemnify XL for all amounts paid by XL toward the settlement of the Thompson lawsuit; and (4) all other relief that this Court deems just and proper.

## COUNT II

## EQUITABLE SUBROGATION

37. All averments set forth in preceding paragraphs 1 through 37 inclusive of this Amended Complaint are incorporated by reference herein and made a part hereof.

38. Great Northern was obligated to pay indemnification of any amounts within its policy limits to settle the liability claims asserted against Phillips and/or Franke in the Thompson lawsuit.

39. Great Northern's failure or refusal to pay the indemnity amounts was unreasonable and constitutes a breach of Great Northern's duties under the terms of its policy.

40. By reason of Great Northern's refusal to contribute up to its coverage limits to extinguish the claims against Phillips and/or Franke in the Thompson lawsuit, XL was compelled to make payment

under its Umbrella Liability Policy in order to extinguish the risk of a sizeable judgment against its insured(s)..

41. XL is equitably entitled to be subrogated to all rights and remedies possessed by its insured(s) against Great Northern.

42. XL has satisfied all conditions precedent to its right to assert this cause of action.

43. XL has suffered direct pecuniary damages and Great Northern's conduct is the direct and proximate cause of such damages.

44. XL is entitled to indemnification from Great Northern for all amounts paid by XL in the Thompson Lawsuit toward the settlement of the liability claims brought against its insured(s) in the Thompson Lawsuit as a result of Stephen Phillips' negligent operation of a motor vehicle, together with interest and costs of suit.

**WHEREFORE,** XL Insurance America, Inc. demands that judgment be entered in its favor and against Great Northern Insurance Company for all amounts XL paid to discharge Great Northern's indemnification obligations to its insured(s) in the Thompson Lawsuit, together with interest and costs of suit.

### COUNT III

### EQUITABLE CONTRIBUTION

45. All averments set forth in preceding paragraphs 1 through 45 inclusive of this Complaint are incorporated by reference herein and made a part hereof.

46. XL avers in the alternative that the Great Northern and XL owe a common obligation under their respective policies to indemnify for the liability claims asserted against their respective insured(s) in the Thompson Lawsuit.

## CERTIFICATE OF SERVICE

I, John F. McDevitt, Jr. Esquire, attorney for Plaintiff, hereby certify that a true and correct copy of the Amended Complaint was sent on May 16, 2014 by regular mail to the following::

>Joshua A. Mooney, Esquire
>White & Williams, LLP
>1650 Market Street
>One Liberty Place
>Suite 1800
>Philadelphia, PA 19103

>Respectfully submitted,
>CLINTON & CLINTON

>　　　　/s/ John F. McDevitt.Jr.
>BY: _____
>　　　　John F. McDevitt, Jr. Esquire